### PHILEN v NEW YORK LIFE INS CO

Ohio Appeals, 8th Dist, Cuyahoga Co

No 16413. Decided April 1, 1938

Chester K. Gillespie, Cleveland, and Clayborne George, Cleveland, for plaintiff-appellee.

L. D. Miller, Cleveland, and J. R. Kistner, Cleveland, for defendant-appellant.

STEVENS, PJ, WASHBURN and DOYLE, JJ, (9th Dist) sitting by designation.

## OPINION

By STEVENS, PJ.

Reference will be made to the parties as plaintiff and defendant.

Plaintiff's action was for the recovery of damages for personal injuries alleged by him to have been sustained when he fell upon the icy sidewalk in front of defendant's premises. It was claimed that the building on defendant's property was maintained in violation of municipal ordinances of the city of Cleveland, and that by reason of said violation and of other negligence of defendant, water from the roof of the building was allowed to flow upon the sidewalk and freeze, thereby causing a dangerous condition to exist; and that plaintiff failed to clean the sidewalk in front of its premises, also as required by ordinance.

Trial to a jury resulted in a verdict for $25,000.00 in favor of the plaintiff, and from the judgment entered upon that verdict,

appeal upon questions of law brings the cause before this court for review.

Four assignments of error are urged by the defendant.

1. Error in the admission and rejection of evidence.

2. Error in refusing to direct a verdict in favor of the defendant.

3. Error in the charge of the trial court.

4. That the verdict and judgment are against the weight of the evidence.

Upon the claim of erroneous admission of evidence, we are of the opinion that the trial court erred in admitting the testimony of Dr. James A. Owen as to the reasonable charge for plaintiff's hospitalization at the City Hospital. From the witness' own testimony on direct examination, it appears that he had no personal knowledge as to reasonable hospitalization fees, and that his testimony was entirely hearsay.

We likewise conclude that the court erroneously restricted defendant in its cross-examination of plaintiff upon the subject of his income; and of peculiar prejudice to defendant was the court's refusal to admit testimony concerning the intoxication of the plaintiff at the time of his fall; this as bearing upon the subject of plaintiff's contributory negligence. These errors, however, are not the most serious which occurred in the admission and rejection of evidence.

During the trial, the defendant, as part of its defense, offered in evidence the deposition of Robert L. Bradfield. It appears that the envelope in which said deposition was sealed, had been opened by the clerk, and upon said envelope the clerk at that time had made the following endorsement:

"Opened to obtain case number. Resealed 6-17-37. A. S. Barany."

The trial court, upon objection of plaintiff made during the trial, refused to permit the reading of the deposition, for the reason that it had been opened by the clerk without an order of court, although there was no evidence that the deposition had been more than opened and immediately resealed. To this ruling of the court the defendant excepted. Proffer was made of the deposition and it is attached to the bill of exceptions as an exhibit.

Sec 11546, GC, provides:

"Exceptions to the depositions shall be in writing, shall specify the grounds of

objection, and be filed with the papers in the cause."

Sec 11547, GC, provides:

"No exceptions other than for incompetency or irrelevancy shall be regarded, unless made and filed before the commencement of the trial."

Judging from the contents of the depositions, the witness Bradfield was an eminently competent witness, and his testimony highly relevant.

"Where a witness is competent and the testimony relevant, and no exceptions are taken to it before the commencement of the trial, the objection is waived."
Crosby v Hill, 39 Oh St 100, p. 105.
See also:
Ryan v O'Connor, 41 Oh St 368.

No exceptions having been taken in writing by the plaintiff and filed in the cause before the trial, the objections to the deposition are waived, and the trial court committed prejudicial error when it excluded the depositions upon the oral objection made thereto by plaintiff during the trial.

The court also erred on the merits of the objection. As explained, there was no irregularity concerning the depositions which warranted the trial court in sustaining an objection to their introduction in evidence, and the sustaining of such objection was an abuse of discretion on the part of the court. The defendant was in no wise at fault, and under the circumstances the court should have ratified the innocent act of the clerk.

We find no error in the refusal of the trial court to direct a verdict for the defendant.

On the subject of the plaintiff's requests to charge before argument, it is our opinion that the trial court erred in giving any of said charges.

The first charge of the plaintiff dealt with a proposition of law which had no application to the facts presented by the records; namely, the use of the sidewalk by the abutting owner for his private benefit. The other two charges assumed the existence of a "ridge of ice" upon the sidewalk, which the record does not indicate to have been present.

There was also error in the general charge of the court in that the court charged §3714, GC, which had no application to the facts of this case.

Other errors were present in the general charge, a discussion of which is deemed unnecessary, because the errors which have been mentioned require a reversal of this judgment.

The judgment is reversed and the cause remanded for further proceedings according to law.

. Exceptions.

WASHBURN and DOYLE, JJ, concur in judgment.